IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| FLORENCE L. LAPIERRE-MCAFEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CV-16- |
| GOSSAMER DESIGNS, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Florence L. LaPierre-McAfee, through her counsel, Rudman Winchell, brings this action to enforce rights under U.S. Patent No. 6,843,190 relating to the invention of a device and method for assisting with free motion sewing. Plaintiff seeks preliminary and permanent injunctive relief and appropriate damages because Defendant's wrongful acts are causing irreparable harm by, among other things, precluding Plaintiff from gaining market share and brand recognition for her products.

### Jurisdiction And Venue

1. The action for patent infringement is brought under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*.

2. This Court has jurisdiction based on 28 U.S.C. §§ 1338 and 1332.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §§1391(c).

## Parties

4. Plaintiff is an individual residing in Maine.

5. On information and belief, Defendant Gossamer Designs, LLC, is a limited liability company with a principal place of business located in Vancouver, Washington.

## Facts Common To All Counts

6. A grant of Letters Patent was made to Plaintiff by the United States Patent and Trademark Office for an invention comprising Free Motion Sewing Methods And Mechanisms, United States Patent No. 6,843,190, on January 18, 2005 (the "'190 Patent").

7. Beginning in or about 2004, Plaintiff began selling a device based on technology embodied in the '190 Patent, known as the Free Motion Slider.

8. The device comprises a thin plastic sheet or panel that is placed onto a sewing machine table to support a workpiece, such as a quilt. The sheet has a very low coefficient of friction on one side, and a non-slip surface on the opposite side. The sheet also has an opening through which a sewing needle manipulated by the sewing machine may pass.

9. The method of the '190 Patent involves placing the sheet onto a sewing machine table and securing it thereto, aligning the sewing machine needle with the opening in the sheet, placing a workpiece onto the sheet, then moving the workpiece laterally over the slippery surface of the sheet under the operating sewing machine, effecting what is known as "free form sewing".

10. Free form sewing is a method of sewing, typically used with quilting operations, and involves the movement of the workpiece being sewn by moving the workpiece with the operator's hands in relation to the needle of the sewing machine so that a pattern is made by the stitching.

11.     An important feature of the device is the very low coefficient of friction of its top surface.  This enables smooth and easy movement of the workpiece during free form sewing operations.  Even slightly less slippery surfaces fail to provide a sufficiently frictionless surface for moving about workpieces.

12.     Plaintiff continues to sell the device, as modified over time to reflect functional improvements, yet still being based on technology embodied in the '190 Patent.

13.     On information and belief, beginning in 2006, Defendant began manufacturing and selling a device based on technology embodied in the '190 Patent.

14.     The device, currently known as the SewSlip, comprises a thin plastic sheet that is placed onto a sewing machine table to support a workpiece.

15.     A feature of Defendant's device is the very low coefficient of friction of its top surface.

16.     Defendant's device is intended to be used in a manner that practices the methods protected by the '190 Patent.

17.     Defendant continues to make and/or import, offer for sale and to sell the device, as modified over time to reflect functional improvements, as well as other similar devices, all such devices being based on technology embodied in the '190 Patent.

18.     Defendant's device is offered for sale over the Internet, and upon information and belief sales of Defendant's device have occurred in Maine.

## Count I
## Patent Infringement

19.     Plaintiff repeats and incorporates by reference the averments set forth in paragraphs 1 through 18 above.

20. As owner of the '190 Patent, Plaintiff is entitled to enforce the '190 Patent and recover all damages for infringement thereof.

21. Defendant manufactures, offers for sale, and/or sells in the United States, including in this judicial district, the SewSlip device and other related devices.

22. Defendant's SewSlip device and other related devices directly infringe at least Claim 10 of the '190 Patent.

23. Defendant's manufacture, offer for sale, and/or selling of the SewSlip device and other related devices are without permission or right.

24. Defendant has infringed and continues to infringe the '190 Patent by manufacturing, offering for sale, and/or selling the above-referenced infringing devices, and will continue to do so unless enjoined by this Court.

25. Defendant's acts of infringement are willful.

26. Defendant's acts of infringement have caused and will continue to cause substantial damage and irreparable harm to Plaintiff.

27. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## Count II
### Contributory Patent Infringement

28. Plaintiff repeats and incorporates by reference the averments set forth in paragraphs 1 through 27 above.

29. The SewSlip device and other related devices manufactures, offered for sale, and/or sold in the United States by Defendant are intended to be used in a manner that infringes the '190 Patent.

30. Defendant's SewSlip device and other related devices, when used as intended, directly infringe at least Claims 1, 2, 3, 6, 7, 8, 12, 13, 16, and 17 of the '190 Patent.

31. Defendant's manufacture, offer for sale, and/or selling of the SewSlip device and other related devices with the intent that same are to be used in a manner that infringes the '190 Patent is without permission or right.

32. Defendant has contributed to the infringement and continues to contribute to the infringement of the '190 Patent by manufacturing, offering for sale, and/or selling the above-referenced infringing devices, and will continue to do so unless enjoined by this Court.

33. Defendant's acts of infringement are willful.

34. Defendant's acts of infringement have caused and will continue to cause substantial damage and irreparable harm to Plaintiff.

35. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## Prayers For Relief

1. That this Court enter judgment that Defendant has infringed the '190 Patent;

2. That this Court enter judgment that Defendant has contributed to the infringement of the '190 Patent;

3. That pursuant to Count I this Court preliminarily enjoin Defendant, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners,

representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, importing, having imported, selling, offering for sale, distributing and/or using devices that infringe the '190 Patent;

4. That pursuant to Count II this Court preliminarily enjoin Defendant, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, importing, having imported, selling, offering for sale, distributing and/or using devices that contribute to the infringement of the '190 Patent;

5. That pursuant to Count I this Court permanently enjoin Defendant, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, importing, having imported, selling, offering for sale, distributing and/or using devices that infringe the '190 Patent;

6. That pursuant to Count II this Court permanently enjoin Defendant, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, importing, having imported, selling, offering for sale, distributing and/or using devices that contribute to the infringement of the '190 Patent;

7. That this Court enter judgment that Defendant's acts of patent infringement were committed willfully and that Defendant's acts of contributory patent infringement were committed willfully;

8. That this Court order Defendant to account for and pay to Plaintiff all damages caused to Plaintiff by Defendant's unlawful infringement of the '190 Patent, in an amount no less

than a reasonable royalty for the use made of the technology embodied therein by Defendant, together with interest;

      9.      That this Court order Defendant to account for and pay to Plaintiff all damages caused to Plaintiff by Defendant's unlawful contributory infringement of the '190 Patent, in an amount no less than a reasonable royalty for the use made of same by Defendant, together with interest;

      10.     That this Court increase damages pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117;

      11.     That this Court find this to be an exceptional case under 35 U.S.C. §285 and award Plaintiff its reasonable attorneys' fees and costs, as well as under the authority of 15 U.S.C. § 1117; and

      12.     Such other and further relief that this Court deems just and proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.

Dated at Bangor, Maine, this 27th day of July, 2016.

                            / Anthony D. Pellegrini /
                            Anthony D. Pellegrini, Esq.
                            Rudman Winchell
                            Attorneys for Plaintiff Florence L. LaPierre-McAfee
                            84 Harlow Street - P.O. Box 1401
                            Bangor, Maine  04402-1401
                            (207) 947-4501
                            (207) 941-9715 fax
                            apellegrini@rudmanwinchell.com